IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GENINS, | : | |
| Plaintiff | : | Civil Action 2:10-cv-212 |
| v. | : | Judge Smith |
| JP MORGAN CHASE & CO., | : | Magistrate Judge Abel |
| Defendant | : | |

**OPINION AND ORDER**

This matter is before the Court for *de novo* review, pursuant to 28 U.S.C. §636(b), of the Magistrate Judge's May 19, 2010 Report and Recommendation (Doc. 18) that Defendant's motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) (Doc. 6) be granted.  The Report and Recommendation accurately summarizes the underlying posture of this case:

> Plaintiff filed his complaint in the Court of Common Pleas of Jackson County, Ohio on May 4, 2009; it was subsequently removed to this court. Plaintiff's complaint alleges that Defendant JP Morgan Chase & Co. ("Chase"), and its unknown holding company, breached their contractual duties to Plaintiff and thereby prevented him from exercising an option "which entitled and entitles plaintiff to a tremendous financial position." (Doc. 3 at 1.) He alleges further that this option is worth in excess of $13,000,000,000, and that Chase has acted to conceal its existence. Plaintiff seeks compensatory and punitive damages.

(Doc. 18 at 1.)  Central to Plaintiff's conduct in this case is his repeated insistence that Defendant Chase has an undisclosed parent company, or at least that it has

failed to prove that it does not. (*See* Doc. 7 at 1; Doc. 14 at 2; Doc. 22 at 1; Doc. 27 at 2; Doc. 30 at 1.) Soon after removal to this court, Plaintiff filed a motion to remand, arguing that, since Chase had allegedly failed to identify its corporate parent, it could not demonstrate diversity of the parties as required by 28 U.S.C. §1332(a)(1), and that the Court therefore lacked subject matter jurisdiction. The Magistrate Judge issued a Report and Recommendation that the motion be denied (Doc. 17), which the Court adopted (Doc. 29).

Plaintiff has filed objections to the Report and Recommendation on dismissal. (Doc. 27.) In these, Plaintiff does not address or refute the Magistrate Judge's evaluation of his complaint as "almost totally devoid of any factual allegations... the Court has no basis upon which it could find that Plaintiff has a plausible claim to relief." (Doc. 18 at 3.) Instead, he raises the familiar arguments that Chase has failed to prove that it does not have a parent company, and that the Court should therefore not consider any motion to dismiss because it should first find that it has no subject matter jurisdiction and remand.[1]

The Court renews its earlier finding that:

> However, for the plaintiff to allege – without even a hint of factual basis – the existence of a secret defendant which he dares the removing party to prove does not exist does not rise to the level of a challenge to diversity. The doctrine of fraudulent joinder permits a party seeking to assert diversity jurisdiction to disregard the existence of a party against whom there is no colorable claim. It seems reasonable that Chase should be likewise permitted to disregard a

---

[1] Plaintiff also objects to the Magistrate Judge's Report and Recommendation that the case be dismissed as "*sua sponte* dismissal, not predicated upon any Chase motion to dismiss." (Doc. 27 at 3.) However, he earlier refers to Chase's motion to dismiss and identifies its docket number. (*Id.* at 1.)

party to whose existence there is no colorable claim.

(Doc. 29 at 3, citations omitted.)  Plaintiff's repeated insistence that Chase has failed in its burden to prove diversity, or that the disclosures on its Fed. R. Civ. Pro. 7.1 disclosure form are germane to this alleged failure, is frivolous.  28 U.S.C. §1441(a), the federal removal statute, provides that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  Plaintiff has offered not a shred of colorable argument concerning the identity, or even existence, of the alleged John Doe corporation, and the Court will not entertain this theory further.

Plaintiff's complaint vaguely asserts the existence of "contractual duties" owed by one of Defendant's predecessor corporations and an "option" which Defendant has acted to conceal, leading to damages in excess of $13 billion.  It does not offer any information as to the nature of this contract, when the parties entered into it, or even the identities of the contracting parties.  Even with all of its factual allegations construed in the light most favorable to the plaintiff, the complaint still fails to state a claim upon which this court can grant relief.  Upon *de novo* review, the Court **ADOPTS** the Report and Recommendation (Doc. 18) of the Magistrate Judge.

It is accordingly **ORDERED** that Defendant's motion to dismiss (Doc. 6) is **GRANTED**, and this case is hereby **DISMISSED**.

s/   George C. Smith  
United States District Judge